## SARAH S. WASSON v. BENJAMIN CRANE.

1. *Married Woman's Interest under Bankruptcy Sales.*—Sales of real estate by a United States District Court in bankruptcy proceedings are judicial sales within the meaning of the act of March 11, 1875, as to the inchoate interests of married women. The adjudication of bankruptcy is the foundation of all subsequent proceedings, and gives force and character thereto; and sales made pursuant to such adjudication are judicial sales, because founded on the judgment of the court.

2. *Retrospective Application of the Act of March 11, 1875.*—This act applies to all contracts made prior to its passage as well as to those made afterwards, it being merely a remedial statute.

Filed May 12, 1881.

Appeal from Montgomery Circuit Court.

Willson & Willson, for appellants, referred to *Taylor* v. *Levi S. Stockwell* (last term), and to former brief in *Wasson* v. *Binford*, on the questions involved.

Benjamin Crane, *per se*, cited *Edwards* v. *Keazy*, 6 Cent. L. Journal, 391; *Kelly* v. *Strange*, 3 Bank. Reg. 2; *Schobry* v. *Gibson*, 17 Md. 572, to the effect that the act of 1875 is unconstitutional and void so far as it is intended to apply to prior existing contracts. And as the adjudication of bankruptcy was on January 5, 1874—prior to the passage of the—statute he claimed that the title of the bankrupt had vested in the assignee previously to the passage of the statute, and cited sec. 14, Bankrupt Law; *Hastings, assignee,* v. *Fowler*, 2 Ind. 217; Bump on Bankr. (4th ed.), 135; 4 Biss. 227; *Bostwick* v. *Jordan*, 7 Heisk. (Tenn.) 370; *Hill* v. *Bowers*, 4 Heisk. 272, as to the vesting of title in the assignee. Also, *In re Angier*, 4 Bank. Reg. 199; § 8, art. 1, U. S. Constitution, and art. 6, as to scope of bankrupt laws in regard to State laws; *Roberts* v. *Marcus*, (January 28, 1880,) to the effect that the act of March 11, 1875, does not operate as a limitation on the title of the assignee.

Opinion of the court by Mr. Justice Elliott.

Two questions are presented by this record:

*First.* Is the sale of real property, under the adjudication and order of the United States District Court, in proceedings in bankruptcy, a judicial sale within the meaning of the act of March 11,

1875, entitled "An act vesting the inchoate interest of married women in the lands of their husbands, when the title of the husbands therein has been divested by certain judicial sales, providing for the possession thereof, and the descent of such vested estate and matters connected with such sale"? *Roberts* v. *Shoyer*, 68 Ind. 64, furnishes a full answer to this question. It was there held that the adjudication of bankruptcy is the foundation of all subsequent proceedings — that the adjudication gives force and character to all such proceedings, and that sales made pursuant to such adjudication are judicial sales because founded on the judgment of the court.

*Second.* Does the act of March 11, 1875, apply to contracts made prior to its passage? This question is answered in the affirmative, by the case of *Taylor* v. *Stockwell*, 66 Ind. 505. The full and exhaustive discussion of the question by Worden, J., who delivered the opinion of the court, leaves nothing to be added by us in the present case. The character of the rights of creditors, as they existed prior to the adoption of the statute, the character of the act itself, and the distinction between statutes which impair a right, and those which enlarge or restrict a remedy, are clearly and forcibly defined.

Judgment reversed, with instructions to overrule the demurrer to appellant's complaint.